1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   RONNIE G. WILCOWSKI,

9                              Plaintiff,

10                   v.

11  CAROLYN W. COLVIN, Acting Commissioner
    of
12  Social Security,

13                              Defendant.

Case No. 3:16-CV-05001-RBL-BAT

**REPORT AND
RECOMMENDATION**

14        Ronnie G. Wilcowski seeks review of the denial of his Period of Disability, Supplemental

15  Security Income, and Disability Insurance Benefits applications.  He contends the ALJ erred in

16  issuing an adverse credibility determination, misevaluating the medical opinion and other

17  evidence from five providers, and misevaluating lay witness testimony.  Dkt. 13.  As discussed

18  below, the Court recommends the case be **REVERSED** and **REMANDED** for further

19  administrative proceedings under sentence four of 42 U.S.C. § 405(g).

20                              **BACKGROUND**

21        Mr. Wilcowski is currently 53 years old, has at least a high school education, and has

22  worked as an industrial commercial cleaner and bag sewer.  Tr. 28, 29, 70.  On March 14 and 23,

23  2012, he applied for benefits, alleging disability as of October 12, 2011.  Tr. 236, 243.  His

REPORT AND RECOMMENDATION - 1

applications were denied initially and on reconsideration.  Tr. 19.  The ALJ conducted a hearing on March 31, 2014, finding Mr. Wilcowski not disabled.  Tr. 30.

Utilizing the five-step disability evaluation process,[1] the ALJ found Mr. Wilcowski met the insured status requirements through December 31, 2014; had not engaged in substantial gainful activity since his alleged onset date; and that he has severe impairments of attention deficit hyperactivity disorder (ADHD), bipolar disorder, and personality disorder.  Tr. 21-22. The ALJ found Mr. Wilcowski had the residual functional capacity ("RFC") to perform a full range of work with the following nonexertional limitations:  he could understand, remember, and carry out simple, routine and repetitive tasks; he was limited to occasional superficial interaction with the general public and coworkers; and he is able to adapt to simple variation in routine.  Tr. 24.  The ALJ also found Mr. Wilcowski could perform his past relevant work as a commercial cleaner and bag sewer, and in the alternative, he could perform other jobs that exist in significant numbers in the national economy.  Tr. 28-29.  As the Appeals Council denied Mr. Wilcowski's request for review, the ALJ's decision is the Commissioner's final decision.  Tr. 1-6.

## DISCUSSION

**A.     Mr. Wilcowski's Credibility Finding Should Be Affirmed**

Mr. Wilcowski contends the ALJ erred in evaluating his credibility.  Dkt. 13 at 3-6. Where, as here, there is no evidence of malingering, an ALJ must provide specific, clear and convincing reasons for rejecting a claimant's testimony.  *Molina v. Astrue,* 674 F.3d 1104, 1112 (9th Cir. 2012); *accord Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014).  "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

REPORT AND RECOMMENDATION - 2

1   record, and testimony from physicians and third parties concerning the nature, severity, and

2   effect of the symptoms of which he complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792

3   (9th Cir. 1997).

4       **1.      *Inconsistent Statements***

5           The ALJ discounted Mr. Wilcowski's credibility because he made inconsistent

6   statements. Tr. 25.  This is a valid basis for discounting a claimant's credibility under this

7   Circuit's case law.  *See, e.g., Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (ALJ may

8   consider ordinary techniques of credibility evaluation, including inconsistent statements, in

9   weighing a claimant's credibility).  The ALJ's reasoning is also supported in fact.  For example,

10  in March 2013, Mr. Wilcowski told his provider that he was the product of a family rape,

11  however, that information was not repeated to other providers.  Tr. 25 (citing Tr. 400).  The

12  Commissioner observes that the information is absent "event during psychological exams where

13  [Mr. Wilcowski] was recounting his family history."  Dkt 14 at 5 (citing Tr. 362-63).

14          The ALJ also found that Mr. Wilcowski provided inconsistent statements regarding a

15  history of special education, sometimes indicating he had been in special education in high

16  school, and other times stating he did not attend special education classes.  *Compare* Tr. 362,

17  398, 586, 595 *with* Tr. 269.  Although the Court is not convinced that any more need be shown

18  other than that Mr. Wilcowski's statements were inconsistent, *see Smolen*, 80 F.3d at 1284, the

19  Court acknowledges Mr. Wilcowski's argument that an ALJ's credibility assessment must relate

20  to a claimant's alleged impairments.  *See* Dkt. 13 at 3.  The Court observes that inconsistent

21  statements regarding special education are relevant to Mr. Wilcowski's severe impairment of

22  ADHD.  *See* Tr. 22.

23          The ALJ also noted Mr. Wilcowski offered conflicting reasons for being unable to work.

REPORT AND RECOMMENDATION - 3

Though he testified he was unable to work due to mental health issues, he told a provider in 2014 that he had been unable to work for three years because he has pain when he tries to do physical labor.  Tr. 25 (citing Tr. 595).  Even so, the ALJ observed, Mr. Wilcowski denied physical limitations during a mental health evaluation in 2011.  *Id.* (citing 582).  Mr. Wilcowski's reports about physical limitations limiting his ability to work are also relevant to his credibility assessment because they are inconsistent with his allegations that he is unable to work due to mental limitations.

The ALJ also noted that, though Mr. Wilcowski reported his wife was on SSI, he testified that his wife was retired.  Tr. 25.  The Court need not determine whether this reasoning was valid or invalid, however, because the ALJ gave other valid reasons, supported by substantial evidence, for discounting Mr. Wilcowski's testimony.

### 2.      *Mental Status Examinations*

The ALJ also discounted Mr. Wilcowski's credibility because his Mental Status Examinations (MSEs) were "mostly within normal limits" despite allegations of disabling mood and anger problems.  Tr. 25-26.  The ALJ first identified a February 2012 evaluation, stating Mr. Wilcowski was "pleasant and had normal mood and affect" on MSE.  Tr. 26 (citing Tr. 360-61).  Mr. Wilcowski contends the ALJ erred because the citation does not include a MSE.  Dkt. 13 at 4.  The Court agrees.  In this case, the citation contains only a physical examination with a single entry for "Psych" that states, "NI mood and affect."  Tr. 361.

The ALJ next cited a June 2012 MSE that is largely unremarkable.  Tr. 587-88.  Mr. Wilcowski does not address this MSE.

The ALJ also discussed a March 2013 MSE that indicated Mr. Wilcowski was well-groomed, completely oriented, had normal speech, displayed good eye contact, had normal body

REPORT AND RECOMMENDATION - 4

movement without psychomotor agitation, had fair insight and judgment, had intact thoughts and memory, and denied suicidal or homicidal ideation, but he had a depressed mood and affect.  Tr. 26 (citing Tr. 476).  Mr. Wilcowski does not dispute these findings, but argues instead that the citation contains no MSE.  Dkt. 13 at 4.  While the evaluation does not specifically identify the provider's findings as a "Mental Status Exam," the content suggests that is exactly what the findings are.  *See* 476.  The ALJ did not err in relying on these findings to challenge Mr. Wilcowski's allegations of disabling mood allegations.

Mr. Wilcowski contends a later MSE was "far from unremarkable" because, among other things, he had moderately impaired concentration, little to no insight, mildly impaired social judgment, violent thoughts, and he presented with suicidal and homicidal ideation.  Dkt. 13 at 4 (citing Tr. 403-04).  The ALJ did not discuss these findings and stated only that the MSE demonstrated he was "cooperative and fully oriented.  He had euthymic mood and appropriate affect."  Tr. 26.  Similarly, the ALJ did not discuss the portion of a May 2013 MSE that indicated Mr. Wilcowski endorsed mood swings, depression, irritability and anger, and "some general SI," and his affect was anxious.  *Compare* Tr. 26. *with* Tr. 398.  Mr. Wilcowski also challenges the ALJ's reliance on what appears to be an incomplete MSE in January 2014 which found, in its entirety, that he was alert, cooperative, not anxious, and "speaks in a loud voice at times came up close to speak face to face."  *See* Tr. 409.

Though it is true that the MSEs depict a somewhat mixed mental health status, the ALJ erred because she failed to discuss the portions of the MSEs that are favorable to Mr. Wilcowski's position.  The Court therefore has no basis for evaluating if the ALJ erred in finding the MSE were "mostly within normal limits."  The Court "require[s] the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant

1   meaningful review of the SSA's ultimate findings."  *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th

2   Cir. 2003).  Accordingly, this was not a valid basis for discounting Mr. Wilcowski's credibility.

**3.**      *Criminal History*

4         The ALJ also found that Mr. Wilcowski's testimony regarding anger and outbursts was

5   inconsistent with the record on the basis that Mr. Wilcowski "has no criminal history as would

6   be expected if he truly had such issues."  Tr. 26.  The Commissioner contends this is "simply a

7   common sense conclusion."  Dkt. 14 at 7.  There is no question it is a conclusion, but there is

8   nothing common sense about it—particularly as a basis for discounting a claimant's credibility.

9   Under this analysis, the testimony of a large portion of claimants alleging mental health

10  limitations would be validly rejected merely because there is an absence of a criminal record.

11  This reasoning cannot stand and the Court rejects it without reservation.

**4.**      *Inconsistent Activities*

13        The ALJ also found Mr. Wilcowski's ability to spend time with his wife, shop for

14  groceries, cook, drive, go to Goodwill, go fishing with his brother, spend time with his children,

15  play games, go to the movies, and walk on the beach was "inconsistent with disability."  A

16  claimant's reported daily activities can form the basis for an adverse credibility determination if

17  they consist of activities that contradict the claimant's "other testimony"; or that are transferable

18  to a work setting."  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007); *Smolen*, 80 F.3d at 1284

19  n.7; *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Only if the level of activity

20  were inconsistent with Claimant's claimed limitations would these activities have any bearing on

21  Claimant's credibility"); *see also Light*, 119 F.3d at 792.  Here, the erred because she failed to

22  identify what testimony was undermined by Mr. Wilcowski's activities.  *See Lester v. Chater*, 81

23  F.3d 821, 834 (9th Cir. 1996) ("General findings are insufficient; rather, the ALJ must identify

1  what testimony is not credible and what evidence undermines the claimant's complaints.")

2  **5.  *Secondary Gain Motivation***

3  Finally, the ALJ questioned Mr. Wilcowski's credibility because the record contained

4  evidence of secondary gain motivation.  Tr. 26 (citing Tr. 586).  In June 2012, Mr. Wilcowski

5  told a provider "I am not looking for work because what I really want is to be on SSI.  If I don't

6  get it I guess I'll have to go look for work again with no money for gas it would be kinda hard to

7  look."  Tr. 586.  Mr. Wilcowski contends "it is axiomatic that claimants seeking disability

8  benefits are motivated by pecuniary gain," and that his statement to the provider "does not mean

9  he is able to sustain full time employment."  Dkt. 13 at 6.  Mr. Wilcowski then points to

10 conflicting statements he made about why he is not currently employed.  Dkt. 15 at 3.  But an

11 ALJ properly considers motivation and issues of secondary gain in rejecting symptom testimony.

12 *See Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998).  Record evidence supports the ALJ's

13 inference here, even if that evidence conflicts with Mr. Wilcowski's other statements.  *See*

14 *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (An ALJ is entitled to draw inferences

15 "logically flowing from the evidence."); *see also Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

16 Cir. 1989) (determinations of credibility, resolution of conflicts in medical testimony and all

17 other ambiguities are to be resolved by the ALJ).  The Court finds the reasoning was specific,

18 clear and convincing.

19 In summary, the ALJ provided some valid and some invalid reasons for discounting Mr.

20 Wilcowski's testimony.  Nevertheless, the ALJ's valid reasons are not negated by the inclusion

21 of erroneous reasons, and Mr. Wilcowski has failed to establish that the ALJ's valid reasons for

22 discounting his credibility are erroneous.  Because any errors in the ALJ's credibility findings

23 are harmless, s*ee See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir.

2008), the Court declines to disturb the ALJ's credibility finding.

**B.      The ALJ Erred in Evaluating Some Of the Medical and Other Opinion Evidence**

Mr. Wilcowski argues the ALJ misevaluated the opinions of providers David T. Morgan, Ph.D.; Jan Kouzes, Ed.D.; Dana Harmon, Ph.D.; CeCilia Cooper, Ph.D.; and Ryan Lehotay, LMHC.  The ALJ must give specific and legitimate reasons for rejecting a treating or examining doctor's opinion that is contradicted by another doctor, and clear and convincing reasons for rejecting a treating or examining doctor's uncontradicted opinion.  *Lester*, 81 F.3d at 830.  The Court may set aside the ALJ's decision if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).

**1.      *David T. Morgan, Ph.D.***

Mr. Wilcowski challenges the ALJ's assignment of only "limited weight" to the opinion of David Morgan, Ph.D. Dkt. 13 at 7.  Dr. Morgan opined Mr. Wilcowski had marked limitations in tasks relating to memory, maintaining a schedule, requiring adaptability, communicating, maintaining appropriate behavior, setting goals, and completing work without interruptions from psychologically-based symptoms.  Tr. 597.  The doctor conducted a Mental Status Exam and observed Mr. Wilcowski had depressed mood and impaired memory.  Tr. 598-99.  He also conducted a clinical interview.  *See id.*  The ALJ rejected the opinion because it relied on Mr. Wilcowski's unreliable self-reports and because the provider did "no objective testing."  Tr. 27.  The finding is not accurate.  An ALJ does not provide valid reasons for rejecting an examining physician's opinion "by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations."  *Ryan v. Comm'r, Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008).

REPORT AND RECOMMENDATION - 8

1   Furthermore, there is no reason a doctor cannot rely on both objective testing and a claimant's

2   subjective reports in forming his medical opinions.

3          The ALJ also rejected the opinion because the doctor used a "checkbox form." Tr. 27.

4   Though it is true a doctor's opinion may be discounted when it is in the form of a checklist, the same

5   is not true when the opinion also contains supportive objective evidence.  *See Batson v.*

6   *Commissioner*, 359 F.3d 1190, 1195 (9th Cir. 2004).

7          Finally, the ALJ rejected Dr. Morgan's opinions because he indicated Mr. Wilcowski was

8   only limited for a six month duration. Tr. 27.  It is not entirely clear why the ALJ found this was

9   a reasonable basis to reject the doctor's opinion.  Under the twelve-month durational requirement

10  set forth in 42 U.S.C. § 423(d)(1)(A), the term "disability" means "the inability to engage in any

11  substantial gainful activity by reason of any medically determinable physical or mental

12  impairment which can be expected to result in death or which has lasted or which can be

13  expected to last for a continuous period of not less than 12 months."  Thus, while the doctor's

14  finding may speak to the *severity* of Mr. Wilcowski's limitations, the ALJ failed to explain how

15  the finding may be used to reject a medical opinion entirely.  The Court declines to intuit what

16  the ALJ may have been thinking.  *See Bray v. Comm'r, Soc. Sec. Admin*., 554 F.3d 1219, 1225–

17  26 (9th Cir. 2009).

18         The ALJ's reasons for rejecting Dr. Morgan's opinions were neither legitimate nor

19  convincing.  On remand, the opinion should be reevaluated.

20         **2.      *Jan Kouzes, Ed.D.***

21         Dr. Kouzes completed evaluations of Mr. Wilcowski based on MSEs and clinical

22  interviews in December 2011 and June 2012.  Tr. 585-88, 590-93.  Dr. Kouzes noted she

23  observed Mr. Wilcowski's anger, and on mental status exam, Mr. Wilcowski was irritable,

REPORT AND RECOMMENDATION - 9

depressed, had poor impulse control, and demonstrated denial/resistance.  Tr. 590-92.  On both

occasions, Dr. Kouzes opined Mr. Wilcowski was likely to be able to perform his past janitorial

duties, and in a supportive, mentored work environment, he "may be able to sustain a job."  Tr.

587, 592.

The ALJ gave "little weight" to the opinions because the provider estimated Mr.

Wilcowski's impairment at six months.  For the reasons discussed above, this reasoning is not

valid.  *See* Section B.1, *supra*.  However, the ALJ also rejected the opinions because the provider

"reviewed no records and observed no symptoms (except anger in 2011 but he provided no

description to support)."  Tr. 27.  The ALJ further found that "nothing in the examinations

suggest the claimant would need a supportive mentored work environment."  *Id.*  A physician's

opinion may be discounted when it does not have supportive objective evidence and when it is

"conclusory, brief, and unsupported by the record as a whole . . . or by objective medical

findings[.]"  *Batson*, 359 F.3d at 1195.  The Court finds it was not unreasonable for the ALJ to

conclude that the provider's opinion regarding the ability to sustain employment, without

explanation, was unsupported.  The inclusion of any invalid reasons does not affect the validity

of the ALJ's ultimate conclusion.  *See Batson*, 359 F.3d at 1197.  Accordingly, the Court

recommends affirming the ALJ's decision with respect to Dr. Kouzes's opinions.

### 3.   *Dana Harmon, Ph.D.*

Non-examining state-agency consultant Dana Harmon completed a psychological

evaluation in January 2014.  Tr. 600.  She assessed a number of marked mental limitations and a

Global Assessment of Functioning (GAF), depression, and mood instability severity rating score

of three.  Tr. 601-02.  Dr. Harmon provided no explanation for her findings.  *See id*.  The ALJ

accorded the opinion "no weight," because 1) Dr. Harmon was not an examining source; 2) she

1      provided no explanation for her check-the-box assessment; and 3) her opinion was inconsistent

2      with mental status exam findings.  Tr. 27.

3           Medical opinions are statements from acceptable medical sources that reflect judgments

4      about the nature and severity of a claimant's impairments.  20 CFR §§ 404.1527(a)(2),

5      416.927(a)(2).  Opinions from non-examining sources must also be considered.  The ALJ thus

6      erred in rejecting the opinion because it was from a non-examining source.  The ALJ also erred

7      in rejecting the opinion as inconsistent with the MSE findings, because the ALJ's evaluation of

8      those findings was flawed, as discussed above.  *See* Section A.2, *supra*.  However, the ALJ did

9      not err in rejecting the opinion because no explanation was provided for the doctor's check-the-

10     box conclusions.  *See Batson*, 359 F.3d at 1195; *see also* Tr. 601-02.  Because the ALJ's invalid

11     reasons do not negate the valid reason she provided for rejecting the opinion, *Batson*, 359 F.3d at

12     1197, the Court recommends affirming the ALJ's decision with respect to Dr. Harmon's opinion.

13          **4.**     *CeCilia Cooper, Ph.D.*

14          The ALJ assigned "great weight" to Dr. Cooper's opinion, including her opinion that Mr.

15     Wilcowski would need a moderate level of supervision to ensure he completes tasks and that he

16     would have occasional problems with supervisors.  Tr. 28 (citing Tr. 367).  Mr. Wilcowski

17     contends the ALJ erred in failing to incorporate that portion of the opinion in his RFC

18     determination, which, he contends, would have required reconciling a conflict between requiring

19     supervision but having problems with supervisors.  Dkt. 13 at 16.

20          The ALJ assessed an RFC that limited Mr. Wilcowski to "occasional superficial

21     interaction with the general public and coworkers."  Tr. 24.  These limitations do not address

22     interactions with supervisors.  The Commissioner argues the ALJ's limitation to simple, routine,

23     and repetitive tasks takes into account the need for supervision when performing "more

REPORT AND RECOMMENDATION - 11

complicated tasks." Dkt. 14 at 13.  The argument is unsupported and unpersuasive.  Dr. Cooper

separately opined Mr. Wilcowski could understand, remember, and carry out instructions for

tasks involving two or three unrelated steps.  Tr. 367.  The Court therefore agrees that the

limitations were not incorporated into Mr. Wilcowski's RFC, despite the ALJ's assignment of

"great weight" to Dr. Cooper's opinion.  Furthermore, the ALJ provided no explanation which

would support the Commissioner's interpretation.  An RFC by the ALJ "must always consider

and address medical source opinions.  If the RFC assessment conflicts with an opinion from a

medical source, the adjudicator must explain why the opinion was not adopted."  *See* SSR 96-8p.

In addition, the ALJ "must explain why significant probative evidence has been rejected."

*Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).  The ALJ

failed to do so.  On remand, Dr. Cooper's opinion should be reevlauated and the ALJ should

specifically explain why portions of the opinion, if adopted, were not incorporated into Mr.

Wilcowski's RFC.

### 5.   *Ryan Lehotay, LMHC*

The ALJ assigned "little weight" to the March 2014 opinion of Ryan Lehotay, LMHC.

Tr. 27-28.  Mr. Lehotay provided ongoing therapy to treat Mr. Wilcowski's bipolar disorder.  Tr.

603.  The provider indicated he assessed Mr. Wilcowski's mental health using the World Health

Organization Disability Assessment Schedule 2.0, and that Mr. Wilcowski's scores were

"consistent with clinical observation" and with a severe level of disability.  *Id.*  Mr. Lehotay

identified a number of symptoms suffered by Mr. Wilcowski, including severely depressed

mood, suicidal ideation, lack of motivation, destructive in relationships, sudden shifts in mood,

and difficulties in memory and concentration.  *Id.*  Mr. Lehotay noted Mr. Wilcowski

decompensates several times per week.  *Id.*  Mr. Lehotay concluded that Mr. Wilcowski's

1   "intolerance to stress, instability of his moods, and frequency of decompensation would be very

2   problematic for potential employers especially in regard to the expected consistency of

3   performance and reliability." *Id.*

4          Mental health care providers such as Mr. Lehotay are considered "other medical

5   sources," whose opinions can be rejected only upon providing reasons germane to that witness.

6   *Molina*, 674 F.3d at 1111.  The ALJ rejected the opinion because Mr. Lehotay "is not an

7   acceptable medical source," the opinion was based "quite heavily" on Mr. Wilcowski's

8   subjective complaints, and because Mr. Wilcowski's mental status exam findings are "mostly

9   within normal limits." Tr. 28.  The ALJ erred in rejecting Mr. Lehotay's opinion.  Other medical

10  source opinions can only be rejected for germane reasons; the fact that the opinion comes from

11  an "other" source is not one of them.  Additionally, there is no basis to believe the opinion was

12  based "quite heavily" on Mr. Wilcowski's complaints — Mr. Lehotay stated he utilized a WHO

13  assessment, the findings of which were consistent with clinical observations.  Tr. 603.

14  Additionally, as the Court discussed above, the ALJ failed to recognize portions of Mr.

15  Wilcowski's MSEs that suggested his mental status was not within normal limits.  *See* Section

16  A.2, *supra*.  The ALJ thus could not rely on her own conclusions as evidence that Mr. Lehotay's

17  findings conflicted with the record.  The Court thus recommends the opinion be reevaluated on

18  remand.

19  **C.      The ALJ Did Not Err in Evaluating the Lay Witness Testimony of Patricia
           Wilcowski**

20

21         Mr. Wilcowski next challenges the ALJ's assignment of "minimal weight" to the ALJ's

22  assessment of his wife's third-party function report.  Dkt. 13 at 16.  The ALJ rejected Ms.

23  Wilcowski's statements because he found she had a personal interest in Mr. Wilcowski's benefits

    because he owes her support.  Tr. 27.  The ALJ also rejected the report because Ms. Wilcowski's

1   statement that Mr. Wilcowski could not maintain employment due to concentration problems

2   was inconsistent with the record regarding his employment history and the length he held prior

3   jobs. *Id.* The Commissioner offers no substantive argument, essentially parroting the ALJ's

4   findings. Dkt. 14 at 9-10.

5         Ms. Wilcowski is also considered an "other source" under the Social Security regulations,

6   and therefore the ALJ may only reject her opinion for "germane" reasons. *See* 20 C.F.R. §§

7   404.1513(a) and (d), SSR 06-03p; *Molina*, 674 F.3d at 1111. The ALJ offered no support for her

8   conclusion that Ms. Wilcowski's statements were motivated by secondary gain. A conclusion

9   based on speculation cannot stand. However, it was not unreasonable for the ALJ to conclude

10   the record did not support the reasons Ms. Wilcowski offered for Mr. Wilcowski's difficulty

11   maintaining employment. Mr. Wilcowski reported working for employers for 2-5 years; he was

12   fired because of his "mouth and attitude," there were "problems if [he] didn't like somebody," he

13   was "in the wrong place at the wrong time," he had pain when he tried to do physical labor, or he

14   simply left because he felt "burnt out." Tr. 364, 586, 591, 595. Accordingly, the ALJ provided

15   at least one reason germane to Ms. Wilcowski for rejecting her opinion. The decision should be

16   affirmed.

17                                     **CONCLUSION**

18         For the foregoing reasons, the Court recommends that the Commissioner's decision be

19   **REVERSED** and the case be **REMANDED** for further administrative proceedings under

20   sentence four of 42 U.S.C. § 405(g).

21         On remand, the ALJ should reevaluate the opinions of Dr. Morgan, Ph.D.; Ryan Lehotay,

22   LMHC; and Dr. Cooper, Ph.D. If the opinions are adopted, the ALJ should specifically explain

23   why any portions may not be incorporated into Mr. Wilcowski's RFC.

1    A proposed order accompanies this Report and Recommendation.  Any objection to this

2    Report and Recommendation must be filed and served no later than **July 22, 2016**.  If no

3    objections are filed, the Clerk shall note the matter for July 25, 2016 as ready for the Court's

4    consideration.  If objections are filed, any response is due within 14 days after being served with

5    the objections.  A party filing an objection must note the matter for the Court's consideration 14

6    days from the date the objection is filed and served.  Objections and responses shall not exceed

7    ten pages.  The failure to timely object may affect the right to appeal.

8    DATED this 8th day of July, 2016.

9

10

11    _____

       BRIAN A. TSUCHIDA

12    United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 15